UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SEAN PERKINS,

          Plaintiff,                    Case No. 1:23-cv-11530

v.                                            Honorable Thomas L. Ludington
                                              United States District Judge

CARY JOHNSON, et al.,

                                              Honorable David R. Grand
          Defendants.               United States Magistrate Judge
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CASE**

On August 13, 2024, Magistrate Judge David R. Grand issued a report recommending this Court dismiss *pro se* Plaintiff Sean Perkins' Complaint—which asserts federal and state claims arising out of his confinement at G. Robert Cotton Correctional Facility in Jackson, Michigan—for lack of exhaustion. Neither Party filed timely objections to Judge Grand's report, which contains no clear error. Accordingly, Judge Grand's report and recommendation will be adopted, Defendants' Motion for Summary Judgment will be granted, and Plaintiff's Complaint will be dismissed for lack of exhaustion.

I.

On June 27, 2023, Plaintiff Sean Perkins filed a *pro se* Complaint alleging Defendants (1) Corrections Officer Cary Johnson; (2) Corrections Officer Todd Redman; (3) Litigation Coordinator Kimberly Napier; and (4) Corrections Officer Terry Taylor violated the Prison Rape Elimination Act (PREA), deprived him of his First and Eighth Amendment rights in violation of 42 U.S.C. § 1983, and intentionally subjected him to emotional distress while Plaintiff was

confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. ECF No. 1; *see also* ECF No. 18 at PageID.70.

Specifically, Plaintiff alleges he was raped by Barnard Coney, another prisoner at the same facility. ECF No. 1 at PageID.3–4. Plaintiff alleges he told another prisoner—Robert Winburn ("R/W")—about the incident, and that Winburn accordingly filed a "third party PREA complaint" on Plaintiff's behalf. *See id.* at PageID.9. Plaintiff alleges that Defendant Napier improperly denied this third-party PREA complaint and denied Plaintiff's placement in protective custody. *Id.* at PageID.4-6. Plaintiff returned to the jail's general population from temporary segregation soon after. *Id.*

When Plaintiff returned from temporary segregation, he alleges Coney "stalked, found, attacked, stabbed, and sexually assaulted" him again, and that Defendants failed to prevent Coney's second attack. *Id.* at PageID.6. Moreover, Plaintiff alleges Defendant Taylor threatened him in response to Winburn's third-party PREA complaint and handed him a "snitch form," which mocked prisoners who reported misconduct. *Id.* at PageID.5 For example, the snitch form stated, "the more you snitch, the more we know" and prompted prisoners to answer the following questions:

1. "Who would you like to snitch out?" *Id.* at PageID.19 (emphasis omitted).
2. "What did they do? It doesn't really matter, just lie . . . you're a snitch!" *Id.* (emphasis omitted).
3. "How many times have you snitched?" *Id.* (emphasis omitted).
4. "What kind of a snitch are you?" *Id.* (emphasis omitted). This question prompted the prisoner to indicate whether they were a "wanna-be," "beginner," "average," "semi-pro," "professional," or "all-star" snitch. *Id.* (emphasis omitted).
5. "What made you become a snitch?" *Id.* (emphasis omitted).

The "snitch form" then asked the prisoner to indicate whether they "would like to lock up for protection after turning in this Snitch Form" or whether they "would like to feel the sensation of

being struck by a lock in a sock." *Id.* (emphasis omitted). The form concluded by stating, in large bold type, "thank you for snitchin'! Please return this form to the nearest snitch box." *Id.* (emphasis omitted).

Plaintiff also alleges that Winburn filed a *second* PREA complaint on Plaintiff's behalf, but that Coney attacked and sexually assaulted Plaintiff for a *third* time on March 12, 2021. *Id.* at PageID.6–7. Notably, Plaintiff alleges Coney should not have been able to access the part of the prison where Plaintiff was residing on March 12, but walked "directly past" the officer desk because Defendant Taylor was not stationed there at the time. *Id.* at PageID.7.

## II.

On December 7, 2023, all pretrial matters were referred to Magistrate Judge David R. Grand. ECF No. 11. On February 6, 2024, Defendants filed a joint motion for summary judgment, arguing that the above-captioned case should be dismissed because Plaintiff failed to exhaust his administrative remedies. ECF No. 18. On August 13, 2024, Judge Grand issued a report (R&R) recommending this Court grant Defendants' motion and dismiss the above-captioned case for lack of exhaustion. ECF No. 27 at PageID.181.

Specifically, Judge Grand concluded that, although Plaintiff's allegations are "extremely troubling," Plaintiff did not properly exhaust his administrative remedies. *Id.* at PageID.172. Indeed, after thoroughly explaining Michigan's three-step grievance policy, Judge Grand noted that Plaintiff "does not dispute that he did not file or pursue any grievances through Step III[.] Instead, [Plaintiff] broadly argue[d] that 'he had two third-party [PREA] grievances submitted by 'R/W' concerning the allegations made in his complaint,' and thus 'there exists a genuine dispute of material fact as to whether [he] exhausted his available administrative remedies[.]'" *Id.* at

PageID.173–74 (quoting ECF No. 20 at PageID.116–17). But Judge Grand rejected this argument "for several reasons." *Id.* at PageID.174.

First, Judge Grand reasoned that the *PREA* grievance process is inapposite to exhaust the federal constitutional claims Plaintiff asserts in his Complaint. *Id.* at PageID.174–75, ("Perkins' claim in this case is not that *Defendants* sexually assaulted him, which claim he would have needed to exhaust by filing a PREA grievance; instead, his claim is that Defendants failed to protect him from sexual abuse by *prisoner Coney*. As such, his claim against *Defendants for their alleged failure to protect him* needed to be exhausted under the three-step general grievance process." (emphasis in original) (citing *Grover v. Lange*, 2022 WL 485028 (W.D. Mich. Jan. 14, 2022))); PageID.178–79 (discussing the same in the context of Plaintiff's first amendment claims). Second, "even assuming the PREA grievance process could serve as a proper vehicle for exhausting" these claims, Judge Grand concluded that Plaintiff "failed to submit proper evidence to raise a material question of fact on that issue" because he did not file any copies of any allegedly filed grievances. *Id.* at PageID.175–76 (collecting cases), PageID.180. Third and finally, Judge Grand concluded that, although Plaintiff's "allegations about being given the 'Snitch Form' are concerning," Plaintiff's argument that this form prevented him from abiding by the grievance process "lacks merit." *Id.* at PageID.177 (reasoning Plaintiff (1) allegedly received the form *after* he filed his first PREA grievance; and (2) allegedly filed a *second* PREA grievance after receiving the form).

### III.

Judge Grand provided the Parties 14 days to object, *id.* at PageID.181–82, but the Parties did not do so. Thus, they have therefore forfeited their right to appeal Judge Grand's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). There is no clear error in Judge Grand's thorough R&R. Accordingly, Judge Grand's

R&R will be adopted, Defendants' Motion for Summary Judgment will be granted, and Plaintiff's Complaint will be dismissed for lack of administrative exhaustion.

## IV.

Accordingly, it is **ORDERED** that Magistrate Judge David R. Grand's Report and Recommendation, ECF No. 27, is **ADOPTED.**

Further, it is **ORDERED** that Defendants' Joint Motion for Summary Judgment, ECF No. 18, is **GRANTED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED.**

**This is a final order and closes the above-captioned case.**

Dated: September 4, 2024
                  s/Thomas L. Ludington
                  THOMAS L. LUDINGTON
                  United States District Judge